UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 16-12365 PMC |
| | ) | |
| Martin Eduardo Aragon | ) | Chapter 7 |
| Carina Carmen Iacono | ) | |
| | ) | Judge Pat E. Morgenstern-Clarren |
| Debtor | ) | |

**Motion of the United States Trustee to 1) Examine Services Rendered by and Fees Paid to David S. Bartos, Bartos & Bartos, LPA and Michael Rivera, Rivera Law; 2) Disgorge Fees; and 3) Cancel Fee Agreement**

Daniel M. McDermott, United States Trustee for Region 9, hereby moves this Court, pursuant to 11 U.S.C. Section 329 and F.R.B.P. 2017, to examine the services rendered by and fees paid to David S. Bartos, Bartos & Bartos, LPA; and Michael Rivera, Rivera Law; order them to disgorge fees paid by or on behalf of Martin Eduardo Aragon and Carina Carmen Iacono that are deemed excessive, not properly disclosed and/or in violation of fee sharing prohibitions; and cancel fee agreement. In support of this motion, the United States Trustee states as follows:

*Procedural & Factual History*

1. On April 29, 2016, Martin Eduardo Aragon and Carina Carmen Iacono (the "Debtors") filed a voluntary chapter 7 bankruptcy petition, schedules and related documents. *Docket No. 1.* The Debtors' bankruptcy petition was filed by attorney David A. Bartos. Likewise, Mr. Bartos electronically signed the petition as Debtors' counsel. *Id., p. 7.* The *Disclosure of Compensation of Attorney for Debtor(s),* attached to the Debtors' bankruptcy petition, indicated the Debtors paid Mr. Bartos, Bartos & Bartos, LPA $600 in connection with their bankruptcy case. Mr. Bartos checked the box on the *Disclosure of Compensation* stating he has not agreed to share the compensation with anyone who is not member or associate of his firm.

1

*Id., p. 47.*

The Debtors' *Statement of Financial Affairs,* response to question no. 16 discloses that the Debtors paid Michael Rivera, 7840 Firestone Boulevard, #105, Downey, CA 90241 attorney fees from "3/2015 $250 per month 2/2016" totaling $2,165. *Docket No. 1, p. 35.* The Debtors make no disclosure on the *Statement of Financial Affairs* of fees paid to Mr. Bartos.

2. On June 6, 2016, Richard A. Baumgart, chapter 7 trustee for the Debtors' bankruptcy estate, conducted the 341 meeting of creditors in the Debtors' bankruptcy proceeding. Mr. Bartos represented the Debtors at the meeting of creditors. The Debtors testified under oath. that they paid their attorney ten installments of $250. Mr. Bartos stated that he received a $600 co-counsel fee. The Debtors said they were directed to Rivera Law through a television advertisement for debt consolidation. They further indicated that Rivera Law said that they would find the Debtors a local attorney to assist them. During the meeting of creditors, Mr. Bartos indicated he had a co-counsel arrangement with Mr. Rivera.

*Law and Analysis*

4. Section 329(a) of the Bankruptcy Code requires every attorney representing a debtor to file a statement of compensation paid or agreed to be paid within the one year before the date of filing the petition for services rendered in contemplation of or in connection with a bankruptcy case along with the source of compensation. *See also* Fed. R. Bankr. P. 2016. The statement or disclosure of compensation is to include "whether the attorney has shared or agreed to share the compensation with any other entity." Fed. R. Bankr. P. 2016(b). Generally, the sharing of compensation is prohibited. 11 U.S.C. § 504.[1] The failure to comply with the fee disclosure

---

[1] *See In re Van Dyke,* 296 B.R. 591 (Bankr. D. Mass 2003) (court in chapter 13 case noted Section 504 prohibition on sharing of compensation includes sharing fees with non-lawyers and attorneys who contract out to independent paralegals must ensure that they are adequately supervised and arrangements do not allow for the unauthorized practice of law.)

2

requirements may warrant a disgorgement of fees. *In re Kisseberth,* 273 F. 3d 714 (6th Cir. 2001); *In re Downs,* 103 F. 3d 472 (6th Cir. 1996).

5. Section 329(b) also allows a bankruptcy court to examine compensation arrangements between debtors allowing the bankruptcy court to examine the amount paid to "any attorney" representing a debtor in a bankruptcy case "or in connection with such a case . . . for services rendered or to be rendered in contemplation of or in connection with the [bankruptcy] case by such attorney[.]" 11 U.S.C. § 329(a). Pursuant to Section 329(b), the Court may cancel any agreement between Debtors and counsel and order the return of any payment that "exceeds the reasonable value" of the services rendered. 11 U.S.C. § 329(b). *See also, In re Geraci*, 138 F.3d 314, 320 (7th Cir. 1998) ("[T]he bankruptcy court is authorized to act whenever it determines that the compensation the debtor has paid or agreed to pay his counsel exceeds the reasonable value of the services provided. No further finding is required.").

6. Under Rule 2017, the court may "determine whether *any* payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition . . . to an attorney for services rendered or to be rendered is excessive." Fed. R. Bankr. P. 2017 (LexisNexis 2012) (emphasis added). This evaluation of fees by the court is "one of the most integral parts of the bankruptcy system." *In re Mayeux*, 269 B.R. 614, 620 (Bankr. E.D. Tex. 2001).

7. The scope of section 329 is very broad. *In re Hearn*, 2011 Bankr. LEXIS 4258 at *11 (Bankr. M.D. N.C. November 4, 2011). The test under section 329 and Rule 2017 is whether the fee in question was paid "in contemplation of or in connection with" the bankruptcy case. 11 U.S.C. § 329(a) (LexisNexis 2012) (emphasis added). If payment to the attorney satisfies either test, the court may determine whether such payment was excessive and order disgorgement. *In re*

*Mayeux*, 269 B.R. 614 (Bankr. E.D. Tex. 2001). *See also*, *In re Prudhomme*, 43 F.3d 1000, 1004-05 (5th Cir. 1995) (affirming bankruptcy court's disgorgement order where the court heard evidence "that the debtors were in desperate financial straits when they first consulted [the attorney], that they sought representation in resolving their disputes with their largest creditor, and that they had been unsuccessful in restructuring debt.")

8. The first test under section 329 is whether a fee payment was made "in contemplation" of a bankruptcy case. This is a subjective test, "based upon the state of mind of the debtor, 'i.e., whether, in making the transfer the debtor [was] influenced by the possibility or imminence of a bankruptcy proceeding.'" *In re Mayeux*, 269 B.R. 614 at 622. Courts have long held that this test may be satisfied by payment to an attorney in an attempt to avoid bankruptcy. "[N]egotiations to prevent bankruptcy may demonstrate that the thought of bankruptcy was the impelling cause of the payment. 'A man is usually very much in contemplation of a result which he employs counsel to avoid.'" *Conrad et al. v. Pender*, 289 U.S. 472, 479 (1933) (affirming the bankruptcy referee's right to direct turnover of fees paid to debtor's attorney to attempt a settlement negotiation intended to avoid the need for bankruptcy).

9. The second test under section 329 is whether the payment was made "in connection with" a bankruptcy filing. This is an objective test to determine whether the services rendered by, or requested of, the attorney impact the bankruptcy case. This includes services related to the precipitating cause of the bankruptcy. *In re Mayeux*, 269 B.R. 614 at 623 (granting the United States Trustee's motion to examine fees paid to the debtor's attorney, including those paid to attempt pre-petition settlement negotiations of a lawsuit filed against the debtor).

10. In matters involving challenges to attorney fees under 11 U.S.C. § 329, the burden of proof rests with the attorney to establish that his fees are reasonable. *In re Geraci*,

138 F.3d 314, 318 (7th Cir. 1998).

11. In this case a review of the services rendered and fees paid is warranted to determine whether the fees paid by or on behalf of the Debtors are excessive and if the required disclosures pursuant to Fed. R. Bankr. P 2016 were complete and accurate. The Debtors appear to have paid Rivera Law approximately $2000 during the year before they filed for bankruptcy. While the Debtors suggest they originally retained Rivera Law to assist them with debt consolidation, Mr. Bartos indicated he had a co-counsel relationship with Rivera Law. As a result, it is unclear as to whether Rivera Law provided debt consolidation and bankruptcy services to the Debtors or just debt consolidation services. To the extent that Rivera Law provided bankruptcy services, it should have filed a disclosure of compensation pursuant to Fed. R. Bankr. P. 2016.

12. Moreover, based upon the statements of Mr. Bartos, it appears that the $600 fee he received may have been from Rivera Law rather than the Debtors as set forth on the Debtors' disclosure of compensation. If that's the case, then the disclosure of compensation is not accurate and should have reflected that fees were paid by Rivera Law to Mr. Bartos and that the fees were shared.

13. The information contained in the Debtors' schedules suggests that their bankruptcy proceeding does not involve any particularly complex facts or law. Yet the Debtors paid more than $2,000 for bankruptcy related services. *See, Docket No. 1, Statement of Financial Affairs,* p. 35, answer to question 16. A full accounting of the fees paid and review of services rendered by both Rivera Law and Mr. Bartos is warranted to determine the amount and reasonableness of fees paid by the Debtors. A review is also warranted to determine if required disclosures pursuant to Fed. R. Bankr. P. 2014 are complete and accurate. Rivera Law and Mr. Bartos should be directed

5

16-12365-pmc    Doc 11    FILED 07/12/16    ENTERED 07/12/16 13:00:53    Page 5 of 8

to provide copies of their retention agreement(s) with the Debtors as well as a copy of any agreement reflecting their co-counsel relationship. Rivera Law and Mr. Bartos should also each provide a full accounting of all fees paid by or on behalf of the Debtors including the entity or person to whom such fees were paid. In addition, Rivera Law and Mr. Bartos should submit billing statements detailing all services rendered including a description of each task performed, the person who provided such task including their title, the amount of time spent on each task, and their hourly rate. If an attorney provided services, then the state in which such attorney is licensed should be listed as well.

14. This information will allow the United States Trustee review the extent to which services were rendered in consideration of the $2,000 paid by the Debtors, the reasonableness of such fees in light of the services rendered and if all attorneys rendering bankruptcy services to the Debtors were properly licensed in the state of Ohio. To the extent that any fees paid exceed the reasonable value of services rendered, a disgorgement of fees to the Debtors or chapter 7 trustee is warranted. Moreover, a disgorgement of fees may also be warranted if this Court determines that required disclosures were not complete and accurate. Finally, any co-counsel agreement between Mr. Bartos and Rivera Law warrants scrutiny to ensure that each such entity is acting in accordance with the Bankruptcy Code, complying with applicable disclosure requirements and ethical rules.

**WHEREFORE** the United States Trustee respectfully requests that this Court:

a. Direct Michael Rivera, Rivera Law; and David Bartos, Bartos & Bartos, LPA to provide a full accounting of all fees paid by or on behalf of the Debtors and submit billing statements reflecting all services rendered to the Debtors;

b. Examine the services rendered by and fees paid to Michael Rivera, Rivera Law;

and David Bartos, Bartos & Bartos, LPA pursuant to 11 U.S.C. § 329(a) and (b) and Fed. R. Bankr. P. 2017;

c. Order Michael Rivera, Rivera Law; and David Bartos, Bartos & Bartos, LPA to turn over to the Debtors or chapter 7 trustee all fees paid by or on behalf of the Debtors deemed excessive and/or not properly disclosed;

d. Cancel and deem null and void all fee agreements as may be warranted; and

e. Grant such further relief as this Court deems just and equitable.

      Respectfully Submitted,

      Daniel M. McDermott
      United States Trustee, Region 9

by:   /s/ Amy L. Good
      Amy L. Good (#0055572)
      Trial Attorney
      H.M. Metzenbaum U.S. Courthouse
      Office of the U.S. Trustee
      201 Superior Avenue East, Suite 441
      Cleveland, Ohio 44114-1240 (216) 522-7800
      Amy.l.good@usdoj.gov

Dated: July 12, 2016

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by electronic mail to those parties electing to receive electronic notice through the Court's ECF on this 12th day of July, 2016 including the following:

- David S. Bartos     legaladvicehere@aol.com
- Richard A. Baumgart     baumgart_trustee@dsb-law.com, rbaumgart@ecf.epiqsystems.com
- LeAnn E. Covey     bknotice@johndclunk.com
- United States Trustee     (Registered address)@usdoj.gov

And by regular U.S. Mail to:

Michael Rivera
Rivera Law
7840 Firestone Boulevard, Suite #105
Downey, CA 90241

>
> by:     */s/ Amy L. Good*
>             Amy L. Good (#0055572)
>             Trial Attorney
>             H.M. Metzenbaum U.S. Courthouse
>             Office of the U.S. Trustee
>             201 Superior Avenue East, Suite 441
>             Cleveland, Ohio 44114-1240
>             (216) 522-7800
>             Amy.l.good@usdoj.gov